UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG ALFORD,<br><br>                Plaintiff,<br><br>v.<br><br>HEARING EXAMINER LAQUISE, et al.,<br><br>                Defendants. | CIVIL ACTION NO. 3:14-CV-00013<br><br>(MUNLEY, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

This is a *pro se* action for damages and injunctive relief, asserting § 1983 civil rights claims against various defendants, brought in this Court pursuant to 28 U.S.C. §§ 1331 and 1343. In his complaint, Alford claims that the Defendants violated his due process rights under the Fourteenth Amendment of the United States Constitution in connection with prison disciplinary proceedings. At the time of the filing of his complaint, Alford was incarcerated at SCI Mahanoy, located in Schuylkill County, Pennsylvania.

I. **BACKGROUND**

In this § 1983 action, Alford seeks a civil remedy for what he contends to be a violation of his constitutional rights with respect to a December 2012 prison disciplinary proceeding. On December 12, 2012, Alford was charged with misconduct for fighting and placed in the prison's restricted housing unit. Prior to his disciplinary hearing, Alford submitted written requests that certain witnesses be made available to testify at the disciplinary hearing, and that the hearing examiner receive into evidence a ten-minute segment of surveillance video from the area where the fight occurred and photographs taken of Alford's face and hands during medical treatment immediately following the fight. On December 17, 2010, Alford claims that, following a perfunctory hearing in which he was given no opportunity to present witness testimony or

documentary evidence, he was found guilty of fighting and sentenced to ninety days of disciplinary custody. Alford later exhausted his administrative remedies, appealing the hearing examiner's decision to SCI Mahanoy's Program Review Committee, Deputy Superintendent, and Superintendent, and to the Chief Hearing Examiner of the Pennsylvania Department of Corrections. At each level, the disciplinary conviction was upheld.

In addition, Alford claims that this disciplinary conviction indirectly resulted in the rescission of an unexecuted grant of parole. On October 4, 2012, Alford had been advised by the Parole Board of its decision to parole him, with an expected release date of January 28, 2013. On January 16, 2013, while administrative review of his disciplinary conviction was still pending, the Parole Board advised him that it had decided to rescind its earlier, unexecuted grant of parole "due to misconduct." Alford was scheduled to receive a new parole hearing in September 2013.

Alford's complaint in this civil action was received and filed by the Court on January 7, 2014, while Alford was incarcerated at SCI Mahanoy. (Doc. 1). Alford also submitted a motion for leave to proceed *in forma pauperis*, which was granted on April 29, 2014. (Doc. 2; Doc. 35). This matter is now before the Court pursuant to its statutory obligation under 29 U.S.C. § 1915A to screen the complaint and dismiss it if it is frivolous or fails to state a claim upon which relief can be granted.

## II.  SECTION 1915A STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.§ 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it "is frivolous,

malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); 42 U.S.C. § 1997e(c)(1). *See generally Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards).

A complaint is "frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Thomas v. Barker*, 371 F. Supp. 2d 636, 639 (M.D. Pa. 2005). To determine whether it is frivolous, a court must assess a complaint "from an objective standpoint in order to determine whether the claim is based on an indisputably meritless legal theory or clearly baseless factual contention." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)); *Thomas*, 371 F. Supp. 2d at 639. A screening court is further permitted, in its sound discretion, to dismiss a claim "if it determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch*, 67 F.3d at 1089; *see also Denton*, 504 U.S. at 33–34 ("[F]rivolousness is a decision entrusted to the discretion of the court entertaining the *in forma pauperis* petition.").

A complaint is malicious when it evidences subjective intent by the plaintiff at the time of filing "to vex, injure or harass the defendant." *Deutsch*, 67 F.3d at 1086; *Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 999 (D. Del. 1995). "A complaint is 'malicious' when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits, or it contains disrespectful or abusive language." *Trader v. R.S.*, Civil Action No. 11-0039, 2011 WL 1666931, at *2 (E.D. Pa. May 2, 2011); *see also Abdul-Akbar*, 910 F. Supp. at 999.

3

In performing its mandatory screening function, a district court must also determine whether the complaint fails to state a claim upon which relief may be granted, applying the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588. Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the compliant by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[1]

## III. DISCUSSION

In this civil action, Alford claims that he is entitled to damages and injunctive relief

---

[1] In addition to the complaint in this matter (Doc. 1), the Court has taken judicial notice of its own record of proceedings with respect to Alford's federal habeas petition challenging the parole rescission decision discussed above. *See generally Alford v. Pa. Bd. of Probation & Parole*, No. 3:13cv435, 2014 WL 310100 (Jan. 28, 2014). In that habeas petition, moreover, Alford advanced the same constitutional claims that he does here.

because the Defendants violated his constitutional rights in connection with prison disciplinary proceedings. Alford contends that he was denied certain due process rights recognized by the Supreme Court of the United States in *Wolff v. McDonnell*, 418 U.S. 539 (1974). In particular, Alford has alleged that he was denied the right to call witnesses and to present documentary evidence at his misconduct hearing. In addition to the hearing examiner, Alford names as defendants various corrections officials who upheld the hearing examiner's decision on administrative appeal, and the Secretary of the Pennsylvania Department of Corrections, whom Alford claims failed to respond to letters notifying him of the allegedly unconstitutional conduct of his subordinates.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. As a threshold matter, "[i]t is axiomatic that a cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie." *Mudric v. Att'y Gen. of U.S.*, 469 F.3d 94, 98 (3d Cir. 2006) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972)); *see also Wolfe v. Pa. Dep't of Corr.*, 334 F. Supp. 2d 762, 773 (E.D. Pa. 2004). In this case, Alford has failed to identify any alleged liberty or property interest sufficient to trigger the protections of procedural due process. As a consequence, he has failed to state a claim upon which relief can be granted. Indeed, his complaint is frivolous as it lacks any arguable basis in law or fact.

The only direct sanction imposed as a result of the disciplinary proceedings against Alford was his confinement in disciplinary custody for a period of 90 days. The Supreme Court of the United States has previously held that "discipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 486 (1995) (finding no deprivation of a

5

protected liberty interest in 30 days of disciplinary segregation); *see also Williams v. Bitner*, 307 Fed. App'x 609, 611 (3d Cir. 2009) (per curiam) (90 days disciplinary segregation); *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (7 months disciplinary confinement); *Young v. Beard*, 227 Fed. App'x 138, 141 (3d Cir. 2007) (per curiam) (930 days in disciplinary segregation).

Alford's complaint also references the subsequent rescission of an unexecuted grant of parole based on the same misconduct charge. But it is well settled that the United States Constitution does not create a protected liberty interest in a pre-release expectation of parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 10–11 (1979); *Jago v. Van Curen*, 454 U.S. 14, 21 (1981); *Stephens v. Chairman of the Pa. Bd. of Prob. & Parole*, 173 Fed. App'x 963, 965–66 (3d Cir. 2006) (per curiam); *Wolfe*, 334 F. Supp. 2d at 773. It is true that a "parolee" possesses a vested liberty interest in his continued release on parole that cannot be taken away without affording the parolee certain minimum requirements of due process. *See Morrissey v. Brewer*, 408 U.S. 471, 482, 488–89 (1972). But the mere grant of parole by a state parole board does not vest a prisoner with a protected liberty interest. *Jago*, 454 U.S. at 21; *Boone v. Nose*, No. 2:12-CV-1370, 2013 WL 819730, at *5 (W.D. Pa. Mar. 5, 2013); *Bryant v. Thomas*, No. 07-CV-811, 2007 WL 1650532, at *2 (E.D. Pa. May 8, 2007); *DiSabatino v. Pa. Bd. of Prob. & Parole*, No. 05-CV-5662, 2006 WL 1308236, at *3 (E.D. Pa. May 10, 2006). Under Pennsylvania law, a prisoner does not attain the status of a "parolee" until the grant of parole is executed and the prisoner is actually released on parole. *Stephens*, 173 Fed App'x at 965; *Boone*, 2013 WL 819730, at *5–*6; *Bryant*, 2007 WL 1650532, at *2; *DiSabatino*, 2006 WL 1308236, at *3. Until that time, an unexecuted grant of parole may be rescinded by the Board without

implicating procedural due process. *Stephens*, 173 Fed App'x at 966; *Boone*, 2013 WL 819730, at *5–*6; *Bryant*, 2007 WL 1650532, at *2; *DiSabatino*, 2006 WL 1308236, at *3.

Absent a protected liberty interest, the alleged procedural defects in the disciplinary proceedings against Alford lack any legal significance. *Williams*, 307 Fed. App'x at 611; *see also Mudric*, 469 F.3d at 98; *Wolfe*, 334 F. Supp. 2d at 773. Alford's complaint therefore lacks any arguable basis in law or fact, and it should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1). *See Williams*, 307 Fed. App'x at 611; *Armstrong v. Brooks*, 283 Fed. App'x 906, 909–10 (3d Cir. 2008) (per curiam); *Young*, 227 Fed. App'x at 141; *Griffin v. Members of Ohio Adult Bd. of Parole*, 145 F.3d 1331, 1998 WL 228154, at *1 (6th Cir. 1998) (unpublished table decision). Alford's complaint likewise fails to state a claim upon which relief can be granted, and thus it should be dismissed pursuant 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1). *See Zavodsky v. Berghuis*, No. 1:12-cv-451, 2012 WL 2052112, at *3 (W.D. Mich. June 6, 2012); *Scott v. Vaughn*, No. 1:05-CV-1574, 2007 WL 1031380, at *6 (M.D. Pa. Mar. 30, 2007); *McKettrick v. Williamson*, No. 4:06-CV-0329, 2006 WL 1983165, at *7 (M.D. Pa. June 22, 2006), *adopted by* 2006 WL 2380772 (M.D. Pa. Aug. 16, 2006).

### IV. PLRA "THREE STRIKES" WARNING

The Plaintiff is hereby notified that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> 28 U.S.C. § 1915(g).

If this recommended disposition is adopted by the presiding United States District Judge, the dismissal of this action as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 28 U.S.C. § 1915A(b)(1) will constitute a "strike" under 28 U.S.C. § 1915(g), and the accumulation of additional strikes may bar Alford from proceeding *in forma pauperis* in later cases absent a showing of imminent danger. *See generally Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013) (articulating Third Circuit standard for application of § 1915(g) "three strikes" rule).

V. **RECOMMENDATION**

Based on the foregoing, it is recommended that:

1. The complaint (Doc. 1) be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1) as legally frivolous and for failure to state a claim upon which relief can be granted; and

2. The Clerk be directed to **CLOSE** this case.

BY THE COURT:

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

Dated: May 6, 2014

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG ALFORD,<br><br>                Plaintiff,<br><br>        v.<br><br>HEARING EXAMINER LAQUISE, et al.,<br><br>                Defendants. | CIVIL ACTION NO. 3:14-CV-00013<br><br>(MUNLEY, J.)<br>(MEHALCHICK, M.J.) |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 6, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: May 6, 2014

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**