IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALFORD, | : | No. 3:14cv13 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| HEARING EXAMINER | : | (Magistrate Judge Mehalchick) |
| LAQUISE, et al., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge Karoline Mehalchick's report and recommendation (hereinafter "R&R") that suggests dismissing as frivolous the instant prisoner civil rights complaint. Plaintiff Craig Alford has filed objections to the R&R, and it is ripe for disposition.

**Background**

Plaintiff is a state prisoner incarcerated at the Pennsylvania State Correctional Institution - Mahanoy (hereinafter "SCI-Mahanoy"). Although plaintiff's complaint is not a model of clarity, it appears that while incarcerated at SCI-Mahanoy, prison authorities charged him with a misconduct. The prison held a hearing on the misconduct, over which Defendant Hearing Examiner Laquise presided. (Doc. 1, Compl. at 2). Plaintiff alleges that at the hearing, Defendant Laquise deprived him of his right to call certain witnesses and to produce certain relevant documentary

evidence.  (Id.)  Plaintiff appealed the decision to various other officials all of whom concurred in the result reached by Defendant Laquise - except for the secretary of the Pennsylvania Department of Corrections, who the plaintiff claims did not respond at all.  (Id. at 2-3).

He now alleges that all of these individuals violated his civil rights with respect to the hearing and his alleged inability to call witnesses and produce evidence.   He brings his suit pursuant to 42 U.S.C. § 1983.  (Id. at 1).  The R&R recommends dismissing the case as frivolous pursuant to 28 U.S.C. § 1915A.  Plaintiff objects to the R&R bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations we  have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir.

1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

When a case is filed by a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity, as this case was, we perform an initial screening of the complaint to determine if it sets forth a viable cause of action. 28 U.S.C. § 1915A. We will dismiss the complaint if it is frivolous, malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Additionally, because the plaintiff proceeds pro se "the court shall dismiss the case at any time" when the case fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The standard for dismissal of a complaint under § 1915A or § 1915(e)(2)(B), is the same standard provided for in Federal Rule of Civil Procedure 12(b)(6). See Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)). Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint that fails "to state a claim upon which relief can be granted."

FED. R. CIV. P. 12(b) (6).  The 12(b)(6) standard requires the court to accept as true all factual allegations and give the pleader the benefit of all reasonable inferences that can be fairly drawn therefrom, and view them in the light most favorable to the plaintiff.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

We then determine whether the facts alleged in the complaint "are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)).  A plaintiff survives review for dismissal if the asserted facts have "nudged [his or her] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.  Specifically, a plaintiff must describe "enough facts to raise a reasonable expectation that the discovery will reveal evidence of" each necessary element of the claims alleged in the complaint.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Thus, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In general, the determination of "plausibility . . .  will be a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Fowler, 578 F.3d at 211 (quoting Iqbal, 129 S.Ct. at 1949).

**Discussion**

Plaintiff's complaint indicates that he has not filed any other lawsuits in federal court while a prisoner. (Id.) We take judicial notice of the fact, however, that he filed an action pursuant to 28 U.S.C. § 2254, raising the exact same issues as he now raises pursuant to section 1983. See Alford v. Pa. Bd. of Probation & Parole, No. 3:13cv435 (M.D. Pa). As we explained in our memorandum denying this habeas corpus case, he does not state a claim upon which relief can be granted. (Id., Doc. 54, Memo. of Jan. 28, 2014). Regardless, we shall briefly discuss plaintiff's complaint.

Petitioner bases his claims on the Civil Rights Act of 1963, 42 U.S.C. § 1983 (hereinafter "section 1983"). In pertinent part, section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

5

42 U.S.C. § 1983.

Thus, to establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under color of state law. Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998).

Here, no question exists as to whether the respondent is a state actor. Thus, the issue is whether respondent's alleged actions deprived petitioner of rights secured under the Constitution or federal law. The petitioner asserts that his Fourteenth Amendment right to Due Process was violated by the prison in the misconduct hearing when they refused to allow him to call witnesses or present a video tape as evidence.

The Fourteenth Amendment provides that a State may not "deprive any person of life, liberty, or property without due process of law." U.S. CONST. AMEND. XIV. An examination of a procedural Due Process claim under the Fourteenth Amendment proceeds in two steps. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564 (1972). Initially, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. Ky. Dept. of Corrs. v. Thompson, 490

U.S. 454, 460 (1989)(citing Bd. of Regents, 408 U.S. at 571).  Secondly, if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient.  Id.  (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)).

Here plaintiff asserts that the misconduct hearing violated his Due Process rights and the result of the misconduct hearing adversely affected various interests he has in the incidents of prison life.  For example, the finding of guilt regarding his misconduct was used to deny him parole. Additionally, he argues that as a result of the finding of guilt, he: lost a high paying job in the prison kitchen; got expelled from the "Batterers Group"; lost his custody level, moving from custody level 3 to custody level 5; and was placed in disciplinary housing for ninety days.   First, we must determine whether petitioner's claim presents a liberty or property claim. None of these interests, however, rises to the level of interest protected by the Due Process Clause.

In support of his position that he has a valid liberty interest and Due Process claim, petitioner relies upon the United States Supreme Court case Wolff v. McDonnell, 418 U.S. 539 (1974).  Among other things, Wolff dealt with the issue of whether the disciplinary proceedings at a state

prison complied with the Due Process Clause of the Fourteenth Amendment to the Federal Constitution.  Id. at 543.  The Court explained that the prison system's regulations provided for two different types of punishment for flagrant or serious misconduct, that is, either forfeiture or withholding of good-time credits or confinement in a disciplinary cell.  Id. at 547.  The Court made a distinction between the change in the "terms of confinement" versus a change in the "conditions of confinement."  The forfeiture or withholding of good-time credits affects the terms of confinement, whereas confinement in a disciplinary cell involves a change in the conditions of confinement.  Id.   The Court further explained that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Id. at 556.

The issue in that case was whether the revocation of good time credit for a serious misconduct affected a liberty interest such that the Due Process Clause applied.  The Court indicated that the state itself provided a statutory right to good time credit and it could be taken away for a serious misconduct.  Id. at 557.   Thus, "the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the

circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Id.

While, the Wolff principles apply to the instant case, the facts are distinguishable. As noted, in Wolff, the prisoner's punishment for committing a misconduct was removal of good time credit. In the present case, the petitioner's punishment for committing a misconduct was placement in disciplinary housing for ninety (90) days. Since the Wolff decision, the Supreme Court has addressed the issue of whether placement in restricted or segregated housing impinges a liberty interest so as to make the Due Process Clause applicable. In Sandin v. Conner, the Court held that "segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." 515 U.S. 472, 486 (1995).

Accordingly, to invoke the protections of the Due Process Clause, a disciplinary proceeding must result in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483. Placement in restrictive confinement for periods of up to one year have been held to not trigger a constitutionally protected liberty interest because such confinement is not atypical and a significant hardship in relation to the ordinary incidents of prison life. See, e.g., Smith v. Mensinger, 293 F.3d

9

641 (3d Cir. 2002)(upholding a district court's dismissal of a prisoner's Due Process claim concerning seven months disciplinary detention).  In the instant case, the petitioner was placed in disciplinary custody for ninety (90) days.  (Doc. 1, Pet. at ¶ 12).  A ninety-day placement in disciplinary custody is not a sufficient hardship to give rise to a Due Process claim.  Thus, petitioner's arguments with respect to the misconduct hearing are without merit.

Petitioner's argument continues in that due to the violation of his Due Process rights with regard to the misconduct, the Board should not have used the misconduct to justify revoking the unexecuted grant of parole.  This argument is without merit as we have found above that petitioner has no valid Due Process claim with respect to the misconduct hearing.  Even if we found, however, that petitioner had a valid Due Process claim with regard to the misconduct, the parole claim would fail.

The law does not recognize a "constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not impinge on any procedural Due Process interests.  See, e.g., Stephens v. Chairman of Pa.

Bd. of Prob. & Parole, 173 F. App'x 963, 965 (3d Cir. 2006) (explaining that the United States Supreme Court has held that "an expectation of release on parole is not a constitutionally protected liberty interest" quoting Jago v. Van Curen, 454 U.S. 14 (1981)).

Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rogers v. Pa. Bd. of Prob. & Parole, 724 A.2d 319, 323 (Pa. 1999). Thus, petitioner cannot establish that he possesses a liberty interest in parole, and he has not demonstrated a violation of a protected constitutional right which would allow him to present a procedural Due Process claim. Accordingly, the Board's decision did not violate his right to procedural Due Process.[1]

Likewise, the other issues raised by the plaintiff fail rise to a protected Due Process interest. For example, "the Due Process Clause alone does not create a liberty or property interest in prison employment."

---

[1] In addition to its procedural component, Due Process can also have a substantive component. Under a substantive Due Process analysis the law forbids "totally arbitrary parole decisions founded on impermissible criteria," such as race, religion or political belief. Burkett v. Love, 89 F.3d 135, 139-40 (3d Cir. 1996)(quoting Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980)). Petitioner does not allege such a "totally arbitrary parole decision" in the instant case. In fact, he alleges that the parole decision was based upon his conviction of a misconduct.

James v. Quinlan, 866 F.2d 627, 629 (3d 1989); see also, Schoolfield v. Deloy, 2001WL 34368380 (2001) (holding that "[p]laintiff has no liberty interest arising from the Due Process Clause in a prison job."). He also has no Due Process interest in a certain custody level. Wesson v. Atl. Cnty. Jail Facility, 2008 WL 5062028, at *6 (D.N.J. Nov. 26, 2008) (noting that it is well established that an inmate has no liberty interest in a particular custody level or place of confinement). These issues raised by the plaintiff are not the type of atypical, significant deprivation that is protected by the Due Process Clause.

Because plaintiff has not asserted a proper Due Process violation, he has failed to state a cause of action upon which relief may be granted. Accordingly, the complaint will be dismissed.

As noted above, plaintiff raised the same issues in a previous action before this court. A plaintiff continually filing cases with no legal merit can have a detrimental effect on their ability to file future actions. The Prison Litigation Reform Act, (hereinafter "PLRA") provides that where a prisoner has had on three occasions an action or appeal "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not bring any other civil action or appeal a judgment in a civil action or proceeding, unless he is under imminent danger of serious

physical injury.  28 U.S.C. § 1915(g).

Here, plaintiff fails to state a claim upon which relief may be granted and, his case is also frivolous.  A claim is "frivolous" where it is based on an indisputably meritless legal theory.  Ball v. Famiglio, 726 F.3d 448, 462 n.18 (3d Cir. 2013).  Plaintiff's legal theory is indisputably meritless.  We have previously explained to him that the theory is meritless in Alford v. Pa. Bd. of Probation & Parole, No. 3:13cv435 (M.D. Pa).  Because the instant complaint is frivolous and fails to state a claim upon which relief may be granted, it will constitute a "strike" under 28 U.S.C. § 1915(g) and the accumulation of additional strikes may preclude plaintiff from proceeding *in forma pauperis* absent a showing of imminent danger.

**Conclusion**

For the reasons set forth above, plaintiff's complaint will be dismissed for failure to state a claim and for frivolousness.  This dismissal shall count as one strike against the plaintiff under 28 U.S.C. § 1915(g).  An appropriate order follows.

**Date: July 9, 2014**               s/ James M. Munley

                **JUDGE JAMES M. MUNLEY**
                **Untied States District Court**